IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Roscoe,  :
          Petitioner  :
                          :  No. 27 C.D. 2023
          v.  :
                          :  Submitted: November 9, 2023
City of Philadelphia (Workers'  :
Compensation Appeal Board),  :
          Respondent  :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                        FILED:  December 20, 2023

George Roscoe (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify compensation benefits filed by the City of Philadelphia (Employer). In this appeal, Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria for modification of a claimant's benefits based on the results of an impairment rating evaluation (IRE). Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co. LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and added Section 306(a.3), 77 P.S. § 511.3.

A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Additionally, Claimant challenges an evidentiary decision by the WCJ. After careful review, we affirm.

## I. BACKGROUND[2]

On March 20, 2003, in the course of his job as a corrections officer, Claimant suffered a right knee fracture. Since then, his disability status has alternated between total and partial. In 2007, based on stipulations of the parties, a WCJ granted Claimant's petitions and found that Claimant was entitled to total disability compensation. In 2012, the parties resolved a petition for modification via stipulation that changed Claimant's disability status from total disability to partial disability. The 2012 modification was deemed effective as of August 15, 2011.

On August 12, 2020, Claimant filed a petition seeking to reinstate total disability because he alleged that the IRE conducted in 2011 was unconstitutional. On February 8, 2021, this petition was granted, and Claimant's total disability status and benefits were reinstated as of August 12, 2020.

In response to Claimant's changed status, Employer requested that a doctor be designated to perform an IRE. On August 12, 2021, Dr. Daisy Rodriguez performed an IRE of Claimant consistent with the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). On October 1, 2021, Employer filed a modification petition based on Dr. Rodriguez's IRE report, in which she concluded that Claimant was 3% impaired. On November 29, 2021, Dr. Rodriguez testified regarding her evaluation and IRE report. During her testimony, Dr. Rodriguez noted an error she had made in her initial report. That same day, she issued an amended IRE Report correcting the error.

---

[2] Unless stated otherwise, we adopt the factual background for this case from the WCJ's decision, which is supported by substantial evidence of record. *See* WCJ Dec., 6/13/22.

2

Ultimately, Dr. Rodriguez opined that Claimant's whole-body impairment percentage was 4%.

At a later hearing, Claimant testified that he still takes medication to manage his pain. He can still move but relies on a cane and brace whenever he leaves his home. He attends physical therapy once a week but still has stiffness and limited movement. Claimant has not applied for employment anywhere else since he stopped working for Employer.

The WCJ granted Employer's modification petition and modified Claimant's benefits to temporary partial disability as of October 1, 2021. The WCJ also credited Employer for partial disability payments made to Claimant from August 15, 2011, to August 12, 2020. Claimant appealed to the Board, which affirmed. Claimant timely petitioned this Court for review.

## II. ISSUES

Claimant sets forth two issues on appeal.[3] First, Claimant asserts that the WCJ improperly admitted and credited the amended IRE report. Claimant's Br. at 3, 24. Second, Claimant asserts that Employer should not be given credit for any "partial disability" payments prior to the 2021 IRE. *Id.* at 3, 14.

## III. DISCUSSION[4]

### A. Admissibility of the Amended IRE Report

Claimant asserts that the amended IRE report was inadmissible and should not have been credited by the WCJ. *See* Claimant's Br. at 24-27. According

---

[3] We have reversed the order of Claimant's issues for ease of analysis.

[4] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 433 n.5 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023).

to Claimant, the report was inadmissible because it did not exist at the time Employer filed its modification petition and because the amended IRE report was filed more than 30 days after the IRE evaluation. *See id.* In support, Claimant cites to the "Impairment Rating Determination Face Sheet" that accompanied Dr. Rodriguez's IRE report, which instructed the physician to distribute the report within 30 days of the impairment evaluation. *Id.* at 24-25. However, Claimant cites no legal authority in support of this argument. *See id.* at 24-27.

In workers' compensation cases, the admission of evidence is within the sound discretion of the WCJ. *Kimberly Clark Corp. v. Workers' Comp. Appeal Bd. (Bromley)*, 161 A.3d 446, 467 n.26 (Pa. Cmwlth. 2017). "[A] WCJ's determination regarding the admission of evidence will not be overturned without a showing of an abuse of that discretion." *Id.* Additionally, the WCJ is the ultimate finder of fact and arbiter of credibility and evidentiary weight. *City of Phila. v. Healey (Workers' Comp. Appeal Bd.)*, 297 A.3d 872, 880 (Pa. Cmwlth. 2023) (*en banc*). Our authority in these matters is limited to whether the record contains evidence that a reasonable person might find sufficient to support the WCJ's factual findings. *Dep't of Corr. - SCI Chester v. Faison (Workers' Comp. Appeal Bd.)*, 266 A.3d 714, 736 (Pa. Cmwlth. 2021). "[W]here there is substantial evidence to support a WCJ's factual findings, and those findings in turn support conclusions, it should remain a rare instance in which an appellate court would disturb an adjudication . . . ." *Id.* (internal citation omitted).

Here, Dr. Rodriguez testified about her evaluation of Claimant and the process of calculating the whole-body impairment percentage. Her evaluation consisted of questionnaires completed by Claimant and a physical examination. Dep. Tr., 11/29/21, at 9-10. Dr. Rodriguez testified about information she gathered

from Claimant and the physical examination she performed. *Id.* at 10-21. Using this information, Dr. Rodriguez also explained the process for determining the whole-body impairment percentage under the AMA Guides. *Id.* at 22-27. During her testimony, she recognized a typographical error for the grading of one of the diagnostic classes. *Id.* at 24. She proceeded to make the calculation with the revised corrected value. *Id.* at 25-26. Her correction altered Claimant's impairment rating from 3% to 4%. *Id.* at 26. On the day that she testified, Dr. Rodriguez issued an amended IRE report that corrected the error and included the revised impairment rating. WCJ Dec., 6/13/22, ¶ 7. The WCJ credited Dr. Rodriguez's testimony and found that Claimant's whole-body impairment rating was 4%, well below the threshold for reducing Claimant's disability status to partial. *Id.* ¶ 10.

The WCJ acted within her discretion in admitting Dr. Rodriguez's amended IRE report. *See Kimberly Clark Corp.*, 161 A.3d at 467 n.26. Further, the WCJ crediting Dr. Rodriguez's testimony correcting the error in her initial IRE report went to credibility. Dr. Rodriguez testified in detail about her calculation of Claimant's whole-body impairment rating. *See* Dep. Tr., 11/29/21, at 9-27. The WCJ found this testimony to be credible. WCJ Dec., 6/13/22, ¶ 10. Absent a clear rule of law that a modification petition is invalidated if an amended IRE report is filed more than 30 days after an examination, we see no reason to disturb the WCJ's factual findings and credibility determination. *See Healey*, 297 A.3d at 880. Accordingly, we discern no error in the WCJ finding that, based on Claimant's whole-body impairment being 4%, Claimant's disability status is partial.[5]

---

[5] Significantly, Claimant fails to explain how crediting the amended IRE report instead of the initial IRE report was outcome determinative. The amended IRE report changed the whole-body disability percentage from 3% to 4%, still well below the 35% threshold required to find that a claimant is totally disabled.

**B. Act 111 Retroactivity of Partial Disability Credit**

Next, Claimant contends that Employer is not entitled to credit for partial disability payments made prior to 2021. Claimant's Br. at 14-23, 27. In response, Employer argues that Claimant's argument is foreclosed by this Court's recent Act 111 decisions. Respondent's Br. at 7-12.

A brief overview of the recent case law and statutory developments will provide appropriate context to Claimant's appeal. Under former Section 306(a.2)(2) of the Act, 77 P.S. § 511.2 (repealed), the General Assembly authorized the use of an IRE to determine a claimant's disability status. Former Section 306(a.2)(2) required a physician to perform an IRE in accordance with the methodology set forth in "the most recent edition" of the AMA Guides. *See* 77 P.S. § 511.2(2) (repealed). If the IRE yielded a whole-body impairment rating equal to or greater than 50%, then the claimant was presumed to be totally disabled, whereas a claimant with an impairment rating less than 50% was considered partially disabled. *See id.*[6] At the time former Section 306(a.2) was enacted, "the most recent edition" of the AMA Guides was the Fourth Edition. Thereafter, the American Medical Association issued a Fifth Edition and Sixth Edition of the AMA Guides.

In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd in part and rev'd in part*, 161 A.3d 827, 841 (Pa. 2017) (*Protz II*), this Court found that former Section 306(a.2) of the Act was an unconstitutional delegation of legislative authority because it proactively approved new versions of the AMA Guides without legislative review. In June 2017, our Supreme Court affirmed our holding that former Section

---

[6] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

306(a.2) of the Act was an unconstitutional delegation of legislative authority, but further found that the offending language, *i.e.*, "the most recent edition" of the AMA Guides, could not be severed from the Act. *Protz II*, 161 A.3d at 841. Accordingly, the Supreme Court declared the entirety of former Section 306(a.2) to be unconstitutional. *Id.*

In 2018, the General Assembly passed Act 111, which authorizes the use of an IRE to determine a claimant's disability status. Among its provisions, Section 306(a.3), the employer may require a claimant to submit to an IRE after receiving 104 weeks of total disability compensation. Section 306(a.3) expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it set the threshold required for a total disability status at 35% whole-body impairment. If a claimant's impairment rating is less than 35%, then the claimant shall be considered partially disabled.

In *Pierson*, this Court determined that Act 111 did not deprive claimants of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179.[7] Further, the General Assembly granted employers/insurers credit for the weeks of disability compensation paid to an injured employee prior to the passage of Act 111. *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020); *see also* Section 3(1) of Act 111 ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), Section 3(2) of Act 111 ("[A]n insurer shall be given credit

---

[7] We find it telling that in his brief and reply brief, Claimant never cites to *Pierson*. *See generally* Claimant's Br.; Claimant's Reply Br.

7

for weeks of partial disability compensation paid prior to the effective date of this paragraph."). Therefore, the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

Claimant's argument is without merit. Following the *Protz* decisions, Employer could no longer rely on the 2011 IRE to support Claimant's partial disability status. Thus, Claimant's status was modified appropriately to total disability. However, following the enactment of Act 111, Employer sought and secured a new IRE, which established again that Claimant was entitled to temporary partial disability. Based on settled precedent, Employer was credited for those partial disability payments made from August 15, 2011, until August 12, 2020. *See Pierson*, 252 A.3d at 1179-80; *see also Lord v. Allied Constr. Servs. II (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1207 C.D. 2022, filed Aug. 24, 2023), slip op. at 3 (collecting over a dozen Commonwealth Court cases that applied *Pierson*).[8] Thus, we affirm.

LORI A. DUMAS, Judge

---

[8] We cite unreported opinions for their persuasive value. *See* Pa.R.A.P. 126(b)(1)-(2); 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Roscoe,                          :
            Petitioner                  :
                                        :     No. 27 C.D. 2023
            v.                          :
                                        :
City of Philadelphia (Workers'          :
Compensation Appeal Board),             :
            Respondent                  :

# **O R D E R**

AND NOW, this 20th day of December, 2023, the order of the Workers'

Compensation Appeal Board, entered December 19, 2022, is AFFIRMED.

---
LORI A. DUMAS, Judge